IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD JONES, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 20-967-RGA |
| R. KIRCHENBAUER, et al., | : |
| Defendant. | : |

Ronald Jones, Wilmington, Delaware.   Pro Se Plaintiff.


**<u>MEMORANDUM OPINION</u>**




December 28, 2020
Wilmington, Delaware

1

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Ronald Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action on July 21, 2020 pursuant to 42 U.S.C. § 1983. (D.I. 2, 6). He filed motions for injunctive relief. (D.I. 4, 7). I will review and screen the Complaint under 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The Complaint raises claims under 42 U.S.C. § 1983 and § 1985. Most of the alleged wrongful acts occurred between April 14 and June 18, 2018. (D.I. 2 at 4-11) (citations in this opinion to the complaint refer to the pagination added by the docketing system).

One claim revolves around Plaintiff's car that was damaged on April 14, 2018 after he hit a deer and his attempt to sell the car to Shusters, an auto repair and towing shop. (D.I. 2 at 4-6). Plaintiff alleges that Shusters stole his car by deception. (*Id.* at 5). After he reported his car stolen, Plaintiff went with some State troopers to retrieve the vehicle. (*Id.* at 5-6). The troopers were told that Shusters would return the vehicle if Plaintiff would pay for Shusters' repair work. (*Id.* at 6). Plaintiff alleges that State troopers acted improperly in not ordering Shusters to return the car to Plaintiff. (*Id.*). He also alleges Defendants conspired to deny him the lawful recovery of his stolen motor vehicle. (*Id.* at 17).

2

Another claim concerns Delaware's sex offender registry. The Court takes judicial notice that Plaintiff has been registered on the Delaware Sex Offender Central Registry since October 1, 2012.[1] See https://sexoffender.dsp.delaware.gov/?/Detail/00005804 (last visited Dec. 21, 2020). The Court also takes judicial notice that on May 16, 2013, Plaintiff was convicted of one count of failing to reregister as a sex offender, which conviction the Delaware Supreme Court affirmed. See Jones v. State, 81 A.3d 1248 (Del. 2013).

Plaintiff alleges that while he sat in the back of the police car, Defendants State Police Troopers R. Kirchenbauer and A. Green were discussing the sex registry and Plaintiff informed them the information about him on the registry was not true. (Id. at 6). Plaintiff alleges that Kirchenbauer and Green failed to enforce state law (referring to recovery of his car) based upon his Tier 3 sex offense in violation of his right to due process and equal protection. (Id. at 11, 13-14).

The next day Plaintiff wrote to the office of Delaware's Governor and sought a correction of the public notification on the sex registry. (Id. at 7). After Plaintiff was advised that the Governor's office could not remedy the matter, Plaintiff wrote to numerous state and federal officials complaining about the sex registry notification and that the registry caused discrimination that resulted in the non-recovery of his stolen car. (Id. at 7-11).

---

[1] Plaintiff is registered as a Tier 3 offender. On October 19, 1981, he was convicted in the State of New Jersey of four counts of sexual assault. Through the years he has made numerous challenges to his conviction and sentence. See Jones v. Lagana, 2015 WL 851500 (D.N.J. Feb. 26, 2015).

3

On September 24, 2018, Plaintiff mailed a letter to Defendant former Delaware Attorney General Matt Denn regarding his "stolen car" and the "official misconduct" of State troopers in their nonrecovery of the car. (*Id.* at 12). Plaintiff alleges that Denn had a "legal duty to deal with the situation and shares the responsibility" for failing to exercise that duty, that he knew of a conspiracy among his subordinates and did nothing to remedy or redress the ongoing pattern of misconduct against Plaintiff. (*Id.* at 18).

Plaintiff alleges that he was listed as a Tier 3 sex offender without any advance notice or hearing to challenge whether he should be on "Delaware Megan's law public notification . . . that isn't true." (*Id.* at 19). Plaintiff alleges the failure to give him notice of a hearing to challenge his placement on the registry violates his due process and equal protection rights under the Fourteenth Amendment. (*Id.* at 15, 19 ). He also alleges libel referring to published information in writing and a photo that identifies him, which has exposed him to public hatred, contempt, ridicule, and reputational injury. (*Id.*). He alleges that as a result he has suffered irreparable harm to his name, material loss, mental anguish, emotional distress, and pain and suffering. (*Id.* at 12, 17).

Plaintiff seeks compensatory and punitive damages as well as injunctive and declaratory relief. (D.I. 2 at 2, 20).

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d

4

Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Statute of Limitations**. Most of the claims raised by Plaintiff concern alleged actions or inactions that occurred from April 14, 2018 through June 18, 2018. Plaintiff filed this action on July 21, 2020.

The statutes of limitations for bringing a civil rights suit under §§ 1983 and 1985 are the same as the state statute of limitations for bringing a personal injury action. *See Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014); *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993). In Delaware, that period is

two years. See 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Any claims concerning placement on the Delaware sex offender registry accrued at the time Plaintiff's name was posted on registry. See *Capers v. Governor of New Jersey*, 525 F. App'x 69, 72 (3d Cir. 2013). The sex offender registry site indicates that Plaintiff has been registered since October 1, 2012. And Plaintiff's complaint is premised on him being on the registry at the time of his interactions with the State Police Officers on April 24, 2018. The limitation period begins to run from the date the plaintiff because aware, or should have been aware, that his constitutional rights were violated. *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant and is waived if not properly raised. See *Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1167 (3d Cir. 1986). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). Accordingly, a Court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii).

With the exception of the September 24, 2018 allegations against Denn, Plaintiff seeks relief based upon events that occurred no later than June 18, 2018,[2] but he did not file this action under July 21, 2020, which is outside the two-year limitation period. It is evident from the face of the Complaint that all claims that accrued prior to July 21, 2018 are barred by the two year limitations period. This includes claims against all Defendants except Denn. The claim against him is discussed below.

The Court will dismiss all time-barred claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Permitting amendment would be futile. All the actions that are alleged to constitute constitutional torts are time-barred. There is no hint in the complaint of anything that could change that conclusion.

**Claims against Denn.** The claims against Denn appear to be based upon his supervisory position. Plaintiff alleges that he mailed Denn a letter on September 24, 2018 regarding his "stolen car" and the "official misconduct" of State troopers in their nonrecovery of the car and that Denn had a legal duty to deal with the situation, was aware of an alleged conspiracy, and did nothing.

As to the claims concerning Plaintiff's stolen car, the allegations do not rise to the level of a constitutional violation. The allegations refer to violations of state law, but § 1983 only supports causes of action based on a violation of federal statutory law or constitutional rights, not violations of state statutes. *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 174 (3d Cir. 2004) ("Section 1983 does not provide a cause of action for violations of state statutes.").

---

[2] This includes the claims that refer to incorrect information on Delaware's Sex Offender Registry.

The conspiracy claim fares no better. Plaintiff alleges that the conspiracy was "aimed at interfering with his State auto theft law rights." (D.I. 2 at 18). This expressly refers to violation of State law. Moreover, as alleged, the Complaint fails to state a conspiracy claim under 42 U.S.C. § 1985(3) as it does not allege racial or class based discriminatory animus. *See Petrosian v. Collins*, 479 F. App'x 409, 410 (3d Cir. 2012); *Brown v. Philip Morris Inc.*, 250 F.3d 789, 805 (3d Cir. 2001).

Finally, it is well established that a cause of action brought under 42 U.S.C. § 1983 requires a plaintiff to plead that each government official, through the official's own individual actions, has violated the Constitution. *Rahim v. Holden*, 831 F.Supp.2d 845, 848-49 (D. Del. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir.2007) (internal citations and quotations omitted). Vicarious liability is inapplicable to § 1983 suits, and "personal involvement by a defendant remains the touchstone for establishing liability for the violation of a plaintiff s constitutional right." *Rahim*, 831 F.Supp.2d at 849.

As alleged, it was Plaintiff who provided information to Denn followed by Plaintiff's conclusory allegations without supporting facts that Denn was aware of an alleged conspiracy, did nothing, and that Denn had a legal duty to deal with alleged theft of Plaintiff's car. Plaintiff provides no specific facts as to how or when Denn violated his constitutional rights, nor does Plaintiff allege that Denn expressly directed the deprivation of his constitutional rights. There are no allegations that Denn played any

role in the alleged wrongdoing or was in any way responsible for the acts of any of the other named defendants.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and for the reasons discussed above, the Court will dismiss the claims raised against Denn. The Court finds amendment futile as to the claims raised against Denn.

**State Claims**. Because the Complaint fails to state a federal claim, the Court declines to exercise jurisdiction over any supplemental state law claims Plaintiff has attempted to raise. 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003); *Sarpolis v. Tereshko*, 625 F. App'x 594, 598-99 (3d Cir. 2016).

## CONCLUSION

For the above reasons, the Court will: (1) dismiss as moot Plaintiff's motions for injunctive relief (D.I. 4, 7); (2) dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); and (3) decline to exercise supplemental jurisdiction. The Court finds amendment futile.

An appropriate order will be entered.